EDNA J. DALEY v. JOSEPH P. DALEY

SUPERIOR COURT    NEW LONDON COUNTY    FILE NO. 16502

Memorandum filed April 30, 1946.

*Josiah Greenstein,* of Norwich, for the Plaintiff.

*William J. Barrett,* of Stonington, for the Defendant.

INGLIS, J. This is an action for divorce on the ground of intolerable cruelty. The parties were married April 23, 1938. They have one child, Patricia Ellen Daley, born August 3, 1939.

The first question in the case is the plaintiff's residence. This question arises by reason of the fact that in April, 1944, she made oath to a complaint for an annulment in New York state, in which complaint it is alleged that she was then a resident of Albany. The facts are that she and her husband had lived together in Norwich from the fall of 1940 until he went into military service in November, 1942. Since then she and her child have maintained their home here. The child and her household furniture and most of her personal effects have been here continuously. She herself has been here continuously except that in March or April, 1943, she decided to apply for an annulment in Albany. She was advised that in order that the New York court might have jurisdiction of the case she would have to reside in New York for a year. Accordingly, she rented a furnished room in Albany, and from then on for about a year she spent about one day a week in Albany. She, however, held on to her job in Connecticut and spent all of her time here at the home except the one day a week. In actuality she considered Norwich her home during the period, and her only purpose in keeping the room in Albany was to lend color to the testimony which she intended to give in the annulment proceeding to the effect that Albany was her residence. As soon as she decided to abandon her annulment action she gave up the room in Albany. Under these circumstances it is clear that her domicil continued during all this period to be in Norwich, because she never intended to make Albany her home. It is likewise clear that her residence continued in Norwich. It may be that during the period she had two residences. It is possible

for a person to have two residences. Kennan, Residence & Domicile, p. 34. But however that may be, it is certain that Norwich was her principal place of abode. It was here that she was living with a degree of permanency, and that is what constitutes residence. Beale, Conflict of Laws, § 10.3. Accordingly, it is found that the plaintiff has had her residence and domicil continuously in Norwich from the fall of 1940 until the institution of this action in October, 1945.

The only credible evidence as to intolerable cruelty is that on some occasions the defendant gambled away his pay; that he drank intoxicating liquor, but only very rarely to excess; that the couple had rather frequent arguments, mostly over money matters, in the course of which the defendant used profane language; and that on two occasions, once in April, 1939, and once in the fall of 1942, he grabbed her by the arms and shook her. It is true that during 1942 the plaintiff was in a highly nervous state, but that was brought on more by reason of her working in a factory, induced by her own greed for money, than it was by her husband's conduct.

The defendant has not been an ideal husband, but the sum total of his conduct was not such as to make the marriage relation intolerable. It was not so as a matter of fact, nor did the plaintiff regard it so, until the time the defendant went into service in November, 1942.

Since that time the parties have been together very infrequently, and, although there have been arguments when they have been together, nothing approaching intolerable cruelty has occurred.

The main trouble in this marriage is that the plaintiff has lost her affection for her husband. His general attitude and conduct may explain thiis loss of affection but it does not constitute intolerable cruelty nor justify a divorce.

Judgment may enter denying the divorce.